Each side has 15 minutes for argument and let's start with Ms. Reynolds' counsel if you would please specify how much time you would like to reserve for rebuttal. Good morning Your Honor. Just to be clear as the appellee I was anticipating I'd go second. Oh you're right you're right I apologize let's have Mr. Preston's counsel go first and how much time would you like to reserve for rebuttal? Good morning Your Honor five minutes if I may. That's fine go ahead please. Good morning may I please the court I'm Deputy City Attorney Tara Steele on behalf of Supervisor Preston. Preston is entitled to qualified immunity because Reynolds has not alleged a violation of her constitutional rights. Under Linkey Preston did not engage in state action which is a necessary element of Reynolds First Amendment claim. Instead Preston exercised his own First Amendment rights on Twitter when he controlled who could access his posts. Reynolds asserts that the court's decision in Garnier transformed his account into a designated public forum and thereafter she experienced. Can you see the I can thank you. She alleges that thereafter after Garnier was decided that she experienced a continuing violation of her First Amendment rights but the Supreme Court foreclosed that argument when it vacated Garnier and announced a new standard in Linkey. The first prong of the qualified immunity test applies the law as it exists today. Reynolds claim therefore cannot be based on Garnier. She must state a claim under Linkey. Should this court counsel should this court reach both prongs of the qualified immunity analysis? I think you should your honor especially because we do have a new standard announced in Linkey so I think it would be appropriate for this court to analyze whether the allegations have stated a claim under Linkey and also if they do then reach the second prong which is whether that law was clearly established at the time of the posts. But we don't have a district court order analyzing the first prong of qualified immunity and the record is pretty sparse. I still think we should go ahead. I do your honor I mean this this court gave counsel for Reynolds an opportunity to come forward and explain why they think they've stated a claim under Linkey. They have not done so but even if you know I of course because it was just decided a couple months ago. But nonetheless Reynolds is entitled to qualified immunity because the Linkey test was necessarily not known to him at the time he acted during the relevant time period of this case which is 2020. I mean sorry 2022. Would it be fair to give Miss Reynolds the opportunity to amend the complaint in light of Linkey? It's a new test established by the Supreme Court. So I don't think so and the reason is for the reason I just said which is that even if she could amend her complaint to state a claim under Linkey Reynolds is still I'm not sorry not Reynolds Preston is still entitled to qualified immunity and that's because the Reynolds sorry the Linkey standard was not clearly established. That may be true and I think that that sort of perhaps supports the view that under the second prong Preston is entitled to qualified immunity but you know my question I think the one Judge Koh's following up on really relates to whether or not the first prong of the analysis relating to whether there was a constitutional violation in the first instance should be addressed by this court at the motion to dismiss stage when Miss Reynolds hasn't had an opportunity to amend a complaint. I think what's important under the first prong of the analysis is to to recognize that the Linkey standard is the governing standard. We see under Sandoval that that's the standard the court applies and then once the court makes that determination that the only remaining thing for the court to decide is whether that law was clearly established during the relevant time period and I think that's it's clear that it was not since Linkey was just announced two months ago. So I don't think this court has to decide whether the Constitution was violated under Linkey. I think it's enough to recognize that Linkey sets the governing standard and then apply the second prong of the qualified immunity analysis. So I'm unclear you're saying reach the first prong but that is whether a constitutional violation has occurred and now you're saying well now you don't need to really reach whether a first prong is now what you're saying. I think the importance of the first prong is to identify what is the challenge conduct at issue right and the challenge conduct cannot be anything based on Guernier. It has to be an allegation under Linkey but you know I think again the important thing is that Linkey was not governing law at the time of the actions at issue in this case which again is for the 2022 time period. So it sounds like you're saying just identify what the dispute is but don't reach whether a constitutional violation has taken place. Is that your position? I think that's correct. Well then I would interpret that to mean don't reach prong one. Well I think it's not necessary to resolve prong one. I think you have to look at prong one to determine what is the governing the challenge conduct that's at issue in prong two because whatever the challenge conduct is has to be something that at least arguably could state a violation of the Constitution under prong one. Would you concede that the tweet regarding defunding the San Francisco Police Department is speech in a matter within which Preston and the Board of Supervisors would have responsibility would have it would fall within Preston's bailiwick? So the question of whether so under the Linkey test the first standard is whether the city has authorized Preston to speak on his bailiwick. So the board can act you know some way about defunding the police but the city has not authorized Preston to speak on the city's behalf about that topic. But you would concede that it would be within a mat it would be a matter for which the Board of Supervisors would have responsibility correct? We certainly voting on funding for departments within the city is something that the board can do as a body yes. Let me ask the in the I believe is a supplemental brief Miss Reynolds says that the San Francisco Administrative Code 2.80 does give Mr. Preston the responsibility to inform the citizens of citizenry about the goings-on of local government. So why isn't that authorization to speak on behalf of the city and county? That's a section that designates newspapers to as official reporters for the city nothing in that section designates Supervisor Preston with the authority to speak for the city. He's a legislator he's an elected official so under this court's decision on Bosquez he speaks for his constituents he speaks for himself as an elected official and not as a spokesperson for the city spouting the city's point of view. But the section doesn't say it has to be newspaper it says to best accomplish this the city and county should but it doesn't say it probably the best method is newspaper. It certainly doesn't prohibit Preston from communicating with the public but I think the important thing is that he is not authorized to speak on the city's behalf. I think you know we see that in Lincoln the court there said it's not enough just to say that someone is authorized to speak to the public they have to be authorized to speak on the city's behalf about a matter that the city has authorized them to speak. If there are no further questions I'll save the remaining time for rebuttal. I have one more question. Ms. Reynolds argues that if if she can show that there was state action in any one Twitter post and that's a question of we should affirm. What's your response to that? So she would have to show that during the time period where she was blocked that there was a Twitter post that satisfies the Lincoln standard and then I would say even so the court should not affirm because the Lincoln standard was not clearly established during the time period of that post. And again we're has not identified a post during that time period that does satisfy Lincoln but even if she did I think reversal is still appropriate because the law was not clearly established. All right then you have five minutes and 22 seconds for rebuttal. Let's hear from Ms. Reynolds counsel. Thank you. Good morning and may it please the court. Jesse Franklin Murdoch for the plaintiff Susan Dyer Reynolds. This case is about a government official's unconstitutional exclusion of a journalist from a designated public forum he chose to create on the internet because he didn't like her and he didn't like her political views. The court should affirm the district court's dismiss because his decision to continue excluding Reynolds from the designated public forum on Twitter after this court decided Garnier violated clearly established law. But Garnier has now been vacated so under Camreta I don't see how that could be clearly established law. So I mean I guess the question is what is the law what what was clearly established at the time of Certainly your honor. So the clearly established right and even under the case that Preston cites in the supplemental brief about applying whether looking to whether the right was clearly established at the time of the challenged conduct that right would be access to a designated public forum. That did not change from before Garnier to Garnier to Linke. What changed was how state action applies in the context of social media. But the right to access a designated public forum and the fact that a designated public forum can exist through a public official social media account that has not changed. Let me ask you this question in a slightly different way which is are you relying on or what are you relying on beyond Garnier? I don't you know in my view as Judge Thomas just articulated the case is not applicable for purposes of establishing the clearly established prong because it's been vacated. So other than Garnier are you relying on any other case for your position that the right was clearly established? So your honor I would answer that by saying that Garnier did not invent the notion of designated public forums. But what other case so what other authority are you relying on? Specifically for the right of to access a designated public forum on social media that would be Garnier your honor. And you have no other case that you can cite to us for that proposition? Before the Supreme sorry before the Ninth Circuit decided Garnier your honor we agree with we did not challenge the argument below that up until that point the right had not been clearly established. The right was clearly established at the time of the challenged conduct and the right continues to exist today even though the standard for how it's satisfied is different. But the problem is that Garnier that case is it's it's vacated and so you it cannot it can't be relied upon for the notion that the law was clearly established at the at the time of the conduct in question in this case. So if you don't have anything besides Garnier I just I can't I can't see how you prevail. Certainly your honor and I would submit that the way that courts view qualified immunity when the law changes contemplates that you would apply different standards to the clearly established analysis versus the whether there was a violation of the constitutional right. If it was merely the case that a change in the law meant that it couldn't have been clearly established at the time of the violation there would be no need to conduct that splitting analysis that the case that Preston cites Sandoval contemplates. Otherwise the mere change in law would show that you can't meet clearly established. But the fact that you apply both of those tests indicates that there is that splitting that takes place. You look to whether at the time of the challenge conduct was the right that we are asserting which was the First Amendment violation that took place when there was an unconstitutional exclusion from the designated public forum. That right was clearly established in that relevant five-month time period that we're talking about and even under today's standard Linke there's still a constitutional violation. It sounds like what you're arguing is that we should ignore the fact that Garnier has been vacated. Is that what you're suggesting? I want to make sure I understand. Not at all your honor. I recognize that going forward once we clear this qualified immunity hurdle Garnier is not relevant for its articulation of state action. That is now Linke, we're stuck with Linke for the time being. Not going forward I mean I think the notion under Camreta and tell me if you have a different reading of that of that decision but I think the notion under Camreta is that we we cannot look back now to 2023 or whatever date or 2020 and say that because Garnier was in existence then that that clearly established the law then I think that the case has been vacated. I mean it's what it's wiped clean as if that decision never existed for our purposes. Am I reading Camreta wrong? Your honor I would go back to Sandoval which was quoted in Preston's brief and it says the current law to determine if a constitutional violation took place under the first prong. So there we agree we apply Linke for the first prong and then it's been and then the second prong it says an objective examination of whether established case would make clear to every reasonable official that the defendant's conduct was unlawful in the situation he confronted. So in the situation that he confronted which was whether to keep Reynolds blocked from July 2022 to January 2023 at that time the law was clearly established that the manner in or that the exclusion of Preston at that time did violate clearly established law So under that splitting we meet both prongs. One point is that the Supreme Court said that the approach the Ninth Circuit took in Garnier was effectively wrong it's inconsistent with Linke. So how can we continue to apply that standard in determining whether state action exists or not here? Certainly your honor so in Linke they didn't get as far as what whether it's a designated public forum or what the standard is for when you can block someone. All the Linke court reached was was there state action and so everything that comes after that in the analysis is unaffected by Linke. It's still the case that once you are engaging in state action on social media you can't block someone without meeting the same test that you would meet to exclude any member of the public from any designated public forum. Well okay then let's look at Garnier. This case seems very different to me than Garnier. Here you have an explicit disclaimer. In Garnier one of the trustees said this is my official POE Unified School District web page. They had their official email address. They were carrying out statutory duties of you know soliciting constituent input, having constituents fill out surveys on the website. It you know as opposed to this which very much looks like a personal self-promotional campaign you know related site that is not carrying out official duties. So even under Garnier which I agree with my my colleagues here we can't follow but it's still even if it did apply here it seems highly distinguishable and wouldn't support your your case. So your honor I would say in response to that that the facts are different but the outcome should be the same. So taking the facts your honor mentioned one at a time there is the disclaimer here. Two points on that. First even under Linke the disclaimer just gets you a presumption. It doesn't it's not dispositive and since we're here on a 12b6 I don't think it would be appropriate to weigh the facts that we've mustered with the presumption that the label gets. Second I wouldn't concede that that label gets that presumption. The type of labels that were something to clarify that you're not speaking as a government official. Now the disclaimer here is opinions my own. I don't think that gets us to the same place because it follows that government officials do voice their own opinions but that doesn't mean they're not voicing their opinions as government officials. But you would concede that a lot of the things that were in the post to which your client objects are all things that Mr. Preston has no power over. Medicare, canceling student debt, abolishing prisons. Those are not within his bailiwick. Your honor I don't think that the content of the specific post that led to this dispute matters because under Linke what the court directed was that if it's in a if it's a post by post blocking like on Facebook you can say no comments on this post then you look to the content of that post. But if it's an Twitter and how it actually took place here Reynolds was blocked from the entire account. If there is state action going on anywhere in the account during the time of the violation that's all we need to show and I would say that probably the best example that we can come forward with is on page 123 of the excerpts of record where we have an example of official action that the San Francisco Board of Supervisors took and Preston this wasn't during a campaign it was about exactly at the midpoint of his term in office put out an official statement on his official letterhead saying here's my comment on what the board just did. The board endorsed the San Francisco Police Department's equipment policy. Preston thought this was a terrible decision. He's communicated with his constituents that I think that this is abhorrent what the board has done. Certainly something within the board's bailiwick and Preston float in his role as a member of this 11 person body communicated with his constituents what the board did and why he found it objectionable. If we disagree with you that the San Francisco Ministry of Code section 2.80 gives Mr. Preston the authority to speak on behalf of San Francisco then how can you meet the first prong of the linky test? Certainly your honor so I would say that it merely backs it up. So in linky Justice Barrett was clear that it's not just express authority statutory authority that you look to you can look to customs and usages and that type of authority as well and in Preston supplemental brief there wasn't discussion of that type of authority and so we would our argument is that as a legislator as a member of this 11 person body governing a city and county that he had the natural customary authority to engage with his constituents. I would point the court to the Fifth Circuit's opinion in Williams the United States which was a Westfall Act case in which the issue before the court was if a congressman goes on TV and allegedly engages in defamation was that within the course and scope of his duties and in order to decide that question one of the considerations was was that act going on TV and speaking about matters before Congress within the general authority that was the word from the case general authority given to him. The court concluded that he was acting within the course and scope of his duties because informing constituents and the public is a part of being a congressman. Is that a pre-linky decision? It is a pre-linky decision. I mean the example that linky gives on state action is you have to have a post that invokes statutory authority that it has immediate legal effect that information is not available anywhere else. So you're not just giving your public views your views on matters of public concern you're not just repeating things that are otherwise publicly available. I just I don't see how that Fifth Circuit pre-linky case should be determinative here. So your honor I would say that that case is one of many cases that point to the general fact including Supreme Court cases such as Bond v Floyd that point to the fact that legislators have the duty and and we would submit therefore the authority to speak to the public about matters within public concern. And I think that translating duty or authority in this very narrow way would lead us astray. For example if Supervisor Preston were to go up to a local business in this district and say you better take down that sign for my opponent or else I'm gonna make sure that the Board of Supervisors ruins your business. I don't think there's any notion that that would be acceptable or constitutional conduct on his part. So that implies that he's able to speak it just him not as through voting or proposing measures but he's able to engage in speech that constitutes state action because he has this type of customary authority. We cited a number of instances in our brief on pages 13 to 14 of our supplemental brief in which Preston exercised this type of customary authority that it's natural for someone on an 11 person body to hold. For example he personally negotiated with Safeway over its anticipated closure of a grocery store in his district. That goes beyond that narrow proposing ordinances and resolutions and voting on them that my friend on the other side said is the only authority he through his speech outside of the board meetings in these avenues it follows that he can also exercise that type of authority on social media and that's why we cited his quote to the San Francisco Chronicle when following his spat with Elon Musk he left Twitter. He said his constituents can follow him on these other platforms implying that he uses social media as a way to discharge his customary duty to engage with members of the public and to exercise the authority that it would be expected that members of an 11-person governing board have. And I see that I'm just about out of time so I will submit there unless the court has any further questions. Thank you very much. Thank you, Your Honor. Thank you. I would I would just like to to highlight that the first prong of the Preston can speak to constituents. Of course he can. The question is whether he can speak on the city's behalf. And and that's the part that we're missing here. He is not authorized by a city law to speak on the city's behalf with respect to any of the matters of the post that issue and just addressing the site at 124. In that example, he was retreat. He was tweeting something about something that happened earlier. Linky tells us that that is not an example of state action. And finally, I would just like to remind the court that qualified immunity is designed to give public officials breathing room when there's open legal questions. It applies unless the person is plainly incompetent or knowingly violated the law. Our discussion today and the confusion involving the legal standard and the ever shifting landscape, I think just demonstrates that Preston is entitled to qualified immunity because the law has not been clearly established. It's been a moving target over the course of the relevant time period. And if there are no further questions, then I will submit any further questions from the panel. Thank you, Judge Desai. No, no. Thank you. All right. Well, thank you very much. And thank you to both for your very helpful argument today. Thank you. Today's session is adjourned. Thank you all. Thank you.
judges: KOH, THOMAS, DESAI